IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALEIDA CONCEPCION-TORRES PERSONALLY AND ON BEHALF OF HER MINOR SON, J.L.C., <br><br>**Plaintiffs**, <br><br>v. <br><br>COMMONWEALTH OF PUERTO RICO; AND THE DEPARTMENT OF EDUCATION OF PUERTO RICO., *et al.*, <br><br>**Defendants**. | **Civil No.** 14-1494 (FAB) |

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

Before the Court is defendants' motion to dismiss. (Docket No. 6.) For the reasons discussed below, and after considering the motion to dismiss and plaintiffs' reply, the Court **DENIES** the motion to dismiss.

I. **BACKGROUND**

A. **Procedural Background**

On June 23, 2014, plaintiff Aleida Concepcion-Torres filed a complaint personally and on behalf of her minor son, J.L.C., alleging claims pursuant to the Individuals with Disabilities Education Act ("IDEA"), codified at 20 U.S.C. §§ 1400-1482, against the Commonwealth of Puerto Rico and the Department of

---

[1] Elizabeth Barreto, a third year law student at the University of Puerto Rico School of Law assisted in the preparation of this memorandum.

Civil No. 14-1494 (FAB)                                                       2

Education of Puerto Rico ("DOE"). (Docket No. 1.) On August 5, 2014, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), arguing that plaintiffs' claims are barred by the relevant statute of limitations. (Docket No. 6.) On August 11, 2014, plaintiffs filed a response contending that the claim is not time-barred because the statutory period of three years established by article 1867 of the Puerto Rico Civil Code, Laws of P.R. Ann. Tit. 31 § 5297(1), applies. (Docket No. 7.)

**B.   Factual Background**

Plaintiff is the mother and legal custodian of nine-year old J.L.C., who is diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") and registered with the DOE as a child with a disability. (Docket No. 1 at ¶¶ 2, 6, 8 and 10.) Accordingly, J.L.C. is qualified by federal and state law to participate in the academic and related services program of the public education system administered by the DOE. Id. at ¶ 12.

On September 30, 2013 plaintiff filed, on J.L.C.'s behalf, an administrative complaint requesting that DOE cover the costs for enrolling J.L.C. in Colegio Dr. Roque Diaz-Tizol, a private school. (Docket No. 1 at ¶ 18.) On December 10, 2013, Administrative Law Judge Elizabeth Ortiz-Irizarry ordered the DOE to place J.L.C. in the private institution at public cost and to reimburse the total cost incurred by the parents for his education

Civil No. 14-1494 (FAB)                                                                 3

during the preceding two years.  Id. at ¶ 20.  No appeal was filed and the resolution became final.  Id. at ¶ 21.

On June 23, 2014, plaintiffs, as the prevailing party, filed this action pursuant to section 1415 (i)(3)(B)(i)(I) of the IDEA, requesting the payment of the attorney's fees, costs and expenses incurred in the administrative proceeding, as well as additional fees and costs spent in this litigation.  Id. at ¶ 26.

## II. RULE 12(b)(6) STANDARD

When considering a motion to dismiss pursuant to Rule 12 (b)(6), the Court construes the complaint liberally, treating all alleged facts as true and drawing all reasonable inferences in favor of the plaintiff.  Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true."  Id. (internal citations omitted).  Thus, "a plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action."  Ocasio-Hernandez v. Fortuno-Burset, 640 F. 3d 1, 12 (1st Cir. 2011).  "[N]on-conclusory factual allegations in the

Civil No. 14-1494 (FAB)                                                4

complaint must be treated as true, [however,] even if seemingly incredible." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))). Where those factual allegations "'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Id. (quoting Iqbal, 556 U.S at 678). As a result, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S at 678 (internal quotations and citations omitted).

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under [Rule 12(b)(6)], provided that 'the facts establishing the defense [are] clear on the face of the plaintiff's pleadings.'" Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008) (quoting Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)). Dismissal is appropriate where the dates indicated by the complaint establish that the statute of limitations has run, and "the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel." Id.

### III. DISCUSSION

Defendants move to dismiss the complaint as time-barred. Because the IDEA does not specify a statute of limitations for

attorneys' fees actions, they contend that the Court should apply by analogy the time limit of 30 days established by Puerto Rico's Uniform Administrative Procedure Act ("UAPA"). Defendants assert that application of UAPA's 30-day statute of limitations is appropriate, reasonable, and consonant with public policy. (Docket No. 6.)

Defendants rely on Amann vs. Town of Stow, 991 F. 2d. 929 (1st Cir. 1993), to support their position that the 30-day limitations period applies in this case. In Amann, the First Circuit Court of Appeals affirmed the application of the 30-day limitations period borrowed from the Massachusetts Administrative Procedure Act, finding it consistent with IDEA's goals. Id. at 931. There, however, the court applied the borrowed statute of limitations to a different section of the IDEA, not the attorneys' fees provision at issue here. Id.

In response, plaintiffs contend that defendants' suggested 30-day term violates the procedural safeguards of the IDEA and should not be applied. Plaintiffs argue that the UAPA's provisions contradict many IDEA provisions because the two texts contain incongruent procedures. For instance, the IDEA grants a 90-day period within which to file a civil action to review an administrative decision, while the UAPA is stricter with a 30-day statute of limitations. As a result of this incongruence, the plaintiffs claim that the 30-day statute of limitations for a civil

Civil No. 14-1494 (FAB)                                                    6

action review is inapplicable to the independent cause of action at issue here.  Accordingly, plaintiffs respond that the claims are not subject to dismissal on timeliness grounds.  (Docket No. 7.)

### A.   Individuals with Disabilities Education Act

Congress passed the IDEA to secure the free, appropriate and public education of children with disabilities.  <u>Winkelman ex rel. Winkelman v. Parma City Sch. Dist.</u>, 550 U.S. 516, 517 (2007).  The IDEA protects not only the rights of children with disabilities but also their parents' rights.  <u>Id.</u> at 517.  Section 1415 of the IDEA provides federal district courts with jurisdiction to award reasonable attorneys' fees and costs to the parents or guardian of a child with a disability who prevails in an administrative or judicial proceeding.  20 U.S.C § 1415(i)(3)(B)(i)(I).

The parties agree that the IDEA does not provide a specific statute of limitations for attorneys' fees actions pursuant to section 1415.  Rather, the relevant provision simply requires a party filing a complaint alleging a violation of the IDEA to do so timely.  As a result, the Court proceeds to analyze what statute of limitation applies.

### B.   The State–Borrowing Doctrine

It has long been recognized that when Congress does not provide a statute of limitations for a federal cause of action, federal courts adopt the most analogous state statute of limitations in the forum state.  <u>Goodman v. Lukens Steel Co.</u>, 482

Civil No. 14-1494 (FAB)                                                7

U.S. 656, 660 (1987) (superseded on some grounds by statute); Wilson v. Garcia, 471 U.S. 261, 266-67 (1985) (superseded on some grounds by statute).  Nonetheless, this doctrine does not apply if the state statute of limitations is "'inconsistent with the Constitution and laws of the United States.'"  Wilson, 471 U.S. at 267 (quoting Burnett v. Grattan, 468 U.S. 42, 47-48 (1984)).

    **C.   Analogous Puerto Rico Statute of Limitations**

To evaluate whether Puerto Rico has a statute of limitations analogous to the IDEA, the Court must "characterize the essence of the claim in the pending case and decide which state statute provides the most appropriate limiting principle." Wilson, 471 U.S. at 268.  In choosing statutes of limitations, the Court balances three IDEA policy goals:  "[(1)] the parental interest in participation, [(2)] the school's interest in speedy resolution of disputes, and [(3)] the child's interest in receiving educational entitlement."  Nieves-Marquez v. Puerto Rico, 353 F. 3d 108, 119 (1st Cir. 2003) (citing Amman, 991 F.2d at 931-33).

While the federal circuit courts of appeals are split as to the source of the most analogous state statute of limitations for attorneys' fees actions pursuant to the IDEA, the First Circuit Court of Appeals has not ruled on the issue.  B.D. v. Georgetown Pub. Sch. Dist., No. 11-10692, 2012 WL 4482152 (D. Mass. Sept. 7, 2012) (reviewing cases from the First, Sixth, Seventh, Ninth, Eleventh, and D.C. Circuits).  The Puerto Rico Court of Appeals,

Civil No. 14-1494 (FAB)                                                 8

however, has ruled on the specific issue.  See Rodriguez v. ELA, No. KAC2012-0323 (807), 2014 WL 2506502 (P.R. Cir. April 30, 2014); Orraca Lopez v. ELA, KAC2012-9765 (901), 2014 WL 1007087 (P.R. Cir. Feb. 28, 2014); Amador Lozada v. ELA, No. KAC2012–1151, 2014 WL 897905 (P.R. Cir. Jan. 30, 2014).[2]  In all three cases, the court of appeals found that the Puerto Rico Civil Code's three year statute of limitations for attorneys' fees claims was adequate, reasonable, and the most analogous to IDEA's principles.  Id. (citing P.R. Laws Ann. Tit. 31 § 5297).

Although courts in other circuits have applied the 30-day statute of limitations suggested by the defendants, the Puerto Rico Court of Appeals characterized IDEA's attorneys' fees claim as an independent cause of action.  See Rodriguez, 2014 WL 2506502; Orraca Lopez, 2014 WL 1007087; Amador Lozada, 2014 WL 897905.  The 30-day term that defendants suggest derives from a statute authorizing judicial review of administrative decisions, rather

---

[2] Plaintiffs have not provided English translations of the Puerto Rico decisions upon which they rely, in contravention of 48 U.S.C. § 864 ("all pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language.") and Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008) ("[T]he failure of defendants to provide a translated copy of a critical decision alone warranted denial of their motion.").  Nevertheless, in light of more recent First Circuit Court of Appeals precedent, the Court declines to ignore binding Puerto Rico law, and opts instead to consider the substance of the Puerto Rico Court of Appeals decisions at issue.  See Berrios-Romero v. Estado Libre Asociado de P.R., 641 F.3d 24, 27 (1st Cir. 2011) (noting that "[a] decision of a sister court is a proper matter of judicial notice" and taking judicial notice of a Puerto Rico appellate court decision as law).

than an independent claim, like the claim here.  The independent action for attorneys' fees requires different application and execution criteria and hence, is not analogous to a judicial review proceeding.

Moreover, while the 30-day limitations period may be appropriate for an appeal of an administrative determination, it is too short to vindicate the underlying federal policies associated with the fee-claims provisions of the IDEA.  Rodriguez, 2014 WL 2506502; Orraca Lopez, 2014 WL 1007087; Amador Lozada, 2014 WL 897905.  See also Amman, 991 F. 2d. at 931 (noting that longer, less analogous state limitations periods are more compatible with the IDEA's policy goals). On the other hand, applying a three-year limitations term to attorneys' fees claims is likely to encourage parental involvement in securing appropriate public education for their children.  Rodriguez, 2014 WL 2506502; Orraca Lopez, 2014 WL 1007087; Amador Lozada, 2014 WL 897905.  As a result, the Court concludes that the application of the Puerto Rico Civil Code's three-year statute of limitations to claims for attorneys' fees pursuant to the IDEA is consistent with the policies underlying the federal statute.

Mindful of the need to facilitate IDEA's purpose — to compensate the parents for the attorneys' fees incurred during an administrative hearing on behalf of the child's education rights, and to promote social justice — the Court applies the 3-year

Civil No. 14-1494 (FAB)                                              10

statute of limitations found in article 1867 of the Civil Code of Puerto Rico, P.R. Laws Ann. Tit. 31 § 5297. Accordingly, plaintiffs had until June 23, 2017 to file an attorneys' fees claim pursuant to section 1415 of the IDEA.

### III. Conclusion

In light of the foregoing, the Court finds that the 3-year statute of limitations term to claim attorneys' fees contained in article 1867 of the Civil Code of Puerto Rico, P.R. Laws Ann. Tit. 31 § 5297(1), applies to plaintiffs' attorneys' fees claim. Because plaintiffs filed their attorneys' fees claim well within the three-year limitations period, defendants' motion to dismiss (Docket No. 6) is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 17, 2014.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE